**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | **Case No. 3:19-cv-00933-VAB** |
| Plaintiff, | |
| v. | |
| **GRAND TETON PROFESSIONALS, LLC,** *et al.*, | |
| Defendants. | |

### STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS GRAND TETON PROFESSIONALS, LLC, 99ᵗʰ FLOOR, LLC, MAIT MANAGEMENT INC., DEMAND DYNAMICS, LLC, ATOMIUM CORPS INC., STARTUP MASTERS NJ INC., FIRST INCORPORATION SERVICES INC., DOUGLAS FILTER, AND MARCIO ANDRADE

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on June 17, 2019, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b), Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(b), the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, Section 108(c) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1607(c), and Section 918(c) of the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. § 1693o(c). (ECF No. 1.)

On June 18, 2019, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze and other equitable relief against Defendants Grand Teton Professionals, LLC, 99ᵗʰ Floor, LLC, Mait Management Inc., Demand Dynamics LLC, Atomium Corps Inc. (Wyoming), Atomium Corps Inc. (Colorado), Startup Masters NJ Inc. (Wyoming), Startup Masters NJ Inc. (New Jersey), First Incorporation Services Inc. (Wyoming), First Incoporation Services Inc. (Florida), Douglas Filter, and Marcio G. Andrade. (ECF No. 33.)

Now, the FTC and Defendants Grand Teton Professionals, LLC, 99th Floor, LLC, Mait Management Inc., Demand Dynamics LLC, Atomium Corps Inc. (Wyoming), Startup Masters NJ Inc. (Wyoming), First Incorporation Services Inc. (Wyoming), Douglas Filter, and Marcio G. Andrade, by and through their undersigned counsel, have stipulated and agreed to the entry of a preliminary injunction ("Order").

## FINDINGS OF FACT

By stipulation of the parties, the Court finds that:

A. The FTC and Stipulating Defendants have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

B. The Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

C. The FTC asserts that the Court has jurisdiction over the subject matter of this case, and further asserts that there is good cause to believe that it will have jurisdiction over Defendants.

D. The FTC asserts that venue in the District of Connecticut is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

E. The FTC asserts that there is good cause to believe that the Stipulating Defendants have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), CROA, 15 U.S.C. §§ 1679-1679*l*, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the CRFA, 15 U.S.C. § 45b, TILA, 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 1026, and Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and its implementing Regulation E, 12 C.F.R. Part 1005, and that the FTC asserts that it is therefore likely to prevail on the merits of this action.

F.  The FTC asserts that there is good cause to believe that immediate and irreparable harm will result from the Stipulating Defendants' alleged ongoing violations of Section 5(a) of the FTC Act, CROA, the TSR, the CRFA, TILA and Regulation Z, and EFTA and Regulation E unless the Stipulating Defendants are immediately restrained and enjoined by Order of this Court.

G.  The FTC asserts that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and/or disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by the Stipulating Defendants of their assets or business records unless the Stipulating Defendants are immediately restrained and enjoined by Order of this Court.

H.  The FTC asserts that good cause exists for continuing the asset freeze over the Stipulating Defendants' assets.

I.  This order is in the public interest.

J.  No security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c)).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.  "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.  "**Consumer**" means any Person.

C.  "**Credit Repair Service**" means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2)

providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

D. "**Defendants**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination. "**Corporate Defendants**" means Grand Teton Professionals, LLC, 99th Floor, LLC, Mait Management Inc., Demand Dynamics LLC, Atomium Corps Inc. (a Wyoming company), Atomium Corps Inc. (a Colorado company), Startup Masters NJ Inc. (a Wyoming company), Startup Masters NJ Inc. (a New Jersey company), First Incorporation Services Inc. (a Wyoming company), First Incoporation Services Inc. (a Florida company), and each of their subsidiaries, affiliates, successors, and assigns. "**Individual Defendants**" means Douglas Filter and Marcio G. Andrade, individually, collectively, or in any combination.

E. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be

obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

H. "**Stipulating Defendants**" means the Stipulating Corporate Defendants and the Stipulating Individual Defendants, individually, collectively, or in any combination. "**Stipulating Corporate Defendants**" means Grand Teton Professionals, LLC, 99th Floor, LLC, Mait Management Inc., Demand Dynamics LLC, Atomium Corps Inc. (a Wyoming company), Startup Masters NJ Inc. (a Wyoming company), First Incorporation Services Inc. (a Wyoming company), and their successors and assigns. "**Stipulating Individual Defendants**" means Douglas Filter, and Marcio G. Andrade.

## ORDER

## PROHIBITED CREDIT REPAIR ACTIVITIES

I. **IT IS THEREFORE ORDERED** that the Stipulating Defendants, the Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting, or offering for sale of any Credit Repair Service, are temporarily restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication:

    1. That any Person can remove negative information or hard inquiries from any Person's credit report, credit record, credit history, credit profile;

    2. That any Person will add any Person as an additional authorized user to any other Person's credit card or line of credit account;

    3. That any Person can substantially improve any Person's credit score or credit rating;

    4. That any Person is or was a victim of identity theft;

    5. That any Person is an additional authorized user on any other Person's credit card or line of credit account; or

    6. Any other fact material to consumers concerning any Credit Repair Service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B. Charging or receiving, or assisting others in charging or receiving, money or other valuable consideration for the performance of any Credit Repair Service before such service is fully performed;

C. Failing to provide any Person with a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by Section 405(a) of CROA, 15 U.S.C. § 1679c(a);

D. Failing to include in contracts for any Credit Repair Service the following required terms and conditions: (a) a full and detailed description of the services to be performed for the consumer, including all guarantees of performance and an estimate of the date by which

the performance of the services (to be performed by Defendants or any other Person) will be complete or the length of the period necessary to perform such services, and (b) the specific conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which consumers signed the contracts;

E.  Failing to provide any Person with a separate form with the heading "Notice of Cancellation," in the form and manner required by Section 407(b) of CROA, 15 U.S.C. § 1679e(b); and

F.  Failing to provide any Person with a copy of a completed contract and all disclosures required under CROA and a copy of any other document such Person is required to sign.

## PROHIBITED BUSINESS ACTIVITIES

II.  **IT IS THEREFORE ORDERED** that the Stipulating Defendants, the Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any good or service, are temporarily restrained and enjoined from:

A.  Prohibiting any Person from speaking or publishing any truthful or non-defamatory negative comment or review about any other Person or their services, including, but not limited to, by imposing or threatening to impose a penalty or fee for speaking or publishing any truthful or non-defamatory negative comment or review about any other Person or their services;

B. Including any provision in a form contract that (a) prohibits or restricts the ability of any Person who is a party to the form contract to make any written, oral, or pictorial review, performance assessment of, or other similar analysis of, including by electronic means, the goods, services, or conduct of any other Person, or (b) imposes a penalty or fee against any Person for making any written, oral, or pictorial review, performance assessment of, or other similar analysis of, including by electronic means, the goods, services, or conduct of any other Person;

C. Prohibiting any Person from exercising their rights under any statute, rule, or agreement to dispute a charge placed on their credit or debit card or withdrawal from their bank account, including, but not limited to, by imposing or threatening to impose a penalty or fee for exercising any right under any statute, rule, or agreement to dispute a charge placed on their credit or debit card or withdrawal from their bank account;

D. Creating or causing to be created, directly or indirectly, a remotely created payment order as payment for any good or service offered or sold through telemarketing;

E. Failing to disclose clearly and conspicuously in any advertisement for closed-end credit the amount or percentage of any downpayment, the terms of repayment (including the number of payments or period of repayment and the amount of any payment), the amount of any finance charge, and the annual percentage rate;

F. Failing to obtain a written authorization signed or similarly authenticated from any Person before debiting such Person's bank account on a recurring basis;

G. Failing to provide a copy of a written authorization signed or similarly authenticated from any Person before debiting such Person's bank account on a recurring basis;

H. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, the terms or rates that are available for any loan or other extension of credit, including, but not limited to: (1) whether the credit is open-ended (such as a credit card or line of credit) or closed-ended (such as a loan); (2) closing costs or other fees and how such costs or fees will be assessed; (3) the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms; (4) the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable; (5) the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit; (6) the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties; (7) whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or (8) that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees; and

I. Failing to disclose clearly and conspicuously, in connection with any representation regarding the availability of any loan or other extension of credit: (1) whether such extension of credit is open-ended (such as a credit card or line of credit) or closed-ended (such as a loan); (2) all costs associated with such extension of credit and how such costs shall be assessed; (3) the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable; and (4) the loan amount, credit amount or limit, draw amount, outstanding balance.

## DISABLEMENT OF INTERNET WEBSITES

**III.** **IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them, (1) any person hosting any Internet website for, or on behalf of, any Stipulating Defendant, and (2) the Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, shall:

A. Immediately do whatever is necessary to ensure that any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Credit Repair Service, or otherwise containing statements or representations prohibited by Sections I and II of this Order, cannot be accessed by the public;

B. Prevent the destruction or erasure of any Internet website used by the Stipulating Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Credit Repair Service, by preserving such website in the format in which they are maintained currently; and

C. Immediately notify in writing counsel for the FTC of any other Internet website operated or controlled by any Defendant not listed in Section III.A or B above.

## SUSPENSION OF INTERNET DOMAIN NAMES

**IV.** **IT IS FURTHER ORDERED** that any domain name registrar shall suspend the registration of any Internet website used by the Stipulating Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any Credit Repair Service, or otherwise containing statements or representations prohibited by Sections I and II of this Order, and provide immediate notice to counsel for the FTC of any other Internet domain names registered by the Stipulating Defendants, their officers, agents, employees, and attorneys, and

all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

V. **IT IS FURTHER ORDERED** that the Stipulating Defendants, the Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with the marketing and sale of Credit Repair Services; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with the marketing and sale of Credit Repair Services.

C. Provided, however, that the Stipulating Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

**ASSET FREEZE**

**VI.**   **IT IS FURTHER ORDERED** that, except as set forth in Sections VI.F, VI.G, and VI.H of this Order, the Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.   Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

   1.   owned or controlled, directly or indirectly, by any Defendant;

   2.   held, in part or in whole, for the benefit of any Defendant;

   3.   in the actual or constructive possession of any Defendant; or

   4.   owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant;

C.   Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any

corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

E. The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any repatriation of foreign Assets specifically required by this order.

F. The asset freeze provisions of this Order shall not apply to (1) Navy Federal Credit Union account number xxxx3355 in the name of Douglas Filter and (2) Navy Federal Credit Union account number xxxx7996 in the name of Marcio Andrade.

G. Defendants Douglas Filter and Marcio Andrade may each retain and spend income received from employment unrelated to Credit Repair Services performed after the date of entry of this Order; provided, however, that they shall first deposit such income into the accounts set forth in sub-section F.

H. Defendants Douglas Filter and Marcio Andrade may each retain and spend assets acquired by loan or gift after the date of entry of this Order only after identifying such assets to FTC counsel. This sub-section shall not apply to loans or gifts valued at less than $500.

### DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

VII.    **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent

sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that: (a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to any Stipulating Defendant, including through a credit card account, shall:

A.  Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except for those identified in Section VI.F, VI.G, and VI.H of this Order or except by further order of this Court;

B.  Deny any person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Stipulating Defendant;

C. Provide FTC, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D. Upon the request of FTC counsel, promptly provide FTC counsel with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

E. Provided, however, that a financial institution does not have to provide the information required in sub-sections C and D if (1) the financial institution has complied with the similar provisions set forth in the TRO, and (2) the information provided has not changed.

**FINANCIAL DISCLOSURES AND ACCOUNTING**

**VIII.** **IT IS FURTHER ORDERED** that the Stipulating Defendants, within five (5) days of service of this Order upon it, shall prepare and deliver to FTC counsel:

A. Completed financial statements on the forms attached to the TRO as **Attachment A** (Financial Statement of Individual Defendant) for each Stipulating Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Stipulating Corporate Defendant;

B. Completed the form attached to the TRO as **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Stipulating Defendant;

C. Provided, however, that a Stipulating Defendant does not have to provide the information required in sub-sections A and B if (1) that Stipulating Defendant has complied with the similar provisions set forth in the TRO, and (2) the information provided has not changed.

**FOREIGN ASSET REPATRIATION**

**IX.** **IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, the Stipulating Defendants shall:

A. Provide FTC counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3)

under the direct or indirect control, whether jointly or singly, of any Stipulating
Defendant;

B. Take all steps necessary to provide FTC counsel access to all Documents and records that
may be held by third parties located outside of the territorial United States of America,
including signing the Consent to Release of Financial Records appended to this Order as
**Attachment D**.

C. Transfer to the territory of the United States and all Documents and Assets located in
foreign countries which are: (1) titled in the name, individually or jointly, of any
Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating
Defendant or for the benefit of, any corporation, partnership, asset protection trust, or
other entity that is directly or indirectly owned, managed or controlled by any Stipulating
Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any
Stipulating Defendant; and

D. The same business day as any repatriation, (1) notify FTC counsel of the name and
location of the financial institution or other entity that is the recipient of such Documents
or Assets; and (2) serve this Order on any such financial institution or other entity.

## NON-INTERFERENCE WITH REPATRIATION

X. **IT IS FURTHER ORDERED** that the Stipulating Defendants, the Stipulating Defendants'
officers, agents, employees, and attorneys, and all other persons in active concert or
participation with any of them, who receive actual notice of this Order, whether acting
directly or indirectly, are hereby temporarily restrained and enjoined from taking any action,
directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets,
or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all the Stipulating Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all the Stipulating Defendants' Assets have been fully repatriated pursuant to this Order.

## CONSUMER CREDIT REPORTS

XI. **IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Stipulating Defendant under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## PRESERVATION OF RECORDS

XII. **IT IS FURTHER ORDERED** that the Stipulating Defendants, the Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:

(1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under

the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect the Stipulating Defendants' incomes, disbursements, transactions, and use of the Stipulating Defendants' Assets.

## REPORT OF NEW BUSINESS ACTIVITY

XIII.    **IT IS FURTHER ORDERED** that the Stipulating Defendants, the Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## DISTRIBUTION OF ORDER BY DEFENDANTS

XIV.    **IT IS FURTHER ORDERED** that the Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, spouse, subsidiary, division, and representative of the Stipulating Defendants, and shall, within ten (10) days from the date of entry of this Order, and provide the FTC with a sworn statement

that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, the Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## SERVICE OF THIS ORDER

XV.  **IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon the Stipulating Defendants or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Stipulating Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## CORRESPONDENCE AND SERVICE ON THE FTC

XVI.  **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to: Gregory A. Ashe and Ioana R. Gorecki, Federal Trade Commission, 600 Pennsylvania Avenue NW, Room CC-10232, Washington, D.C. 20580, email: gashe@ftc.gov and igorecki@ftc.gov.

**RETENTION OF JURISDICTION**

**XVII.**     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

purposes.


       **IT IS SO ORDERED** this 23  day of July, 2019.


                                        /s/ Victor A. Bolden, U.S.D.J.
                                       VICTOR A. BOLDEN
                                       United States District Judge